IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

S.R. as guardian and next friend of
H.D.R., a minor,

          Plaintiff,

vs.                                        Civil No. 01-162 RLP/LCS  ACE

UNITED STATES OF AMERICA,

          Defendant.

**MEMORANDUM OPINION AND ORDER
DISMISSING CLAIMS BROUGHT PURSUANT TO THE
FEDERAL TORT CLAIMS ACT,
RESERVING RULING ON PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF.**

1.      This matter comes before the Court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction on the ground that the statute of limitations for claims brought pursuant to the Federal Tort Claims Act ("FTCA") has expired. For the reasons stated herein, I find that Defendant's Motion is well taken and will be granted as to Plaintiff's claim for declaratory relief[1] and for damages under the Federal Tort Claims Act. The Court reserves ruling on Plaintiff's claim for injunctive relief, and sets a briefing schedule for that issue.

**Factual background**

2.      This is a claim for damages brought under the Federal Tort Claims Act, 28 U.S.C. §§1346(b) and 2674. Plaintiff also seeks injunctive relief on behalf of Laguna Pueblo students. The material

---

[1] Declaratory relief is a procedural device by which various substantive claims may be vindicated, not a cause of action in and of itself. The statute of limitations applicable to Plaintiff's request for declaratory relief depends upon the nature of the underlying substantive claim sought to be vindicated (*see, Luckenbach Steamship Co. v. U.S.* 312 F.2d 545, 548 (2nd Cir. 1963), in this case the Federal Tort Claims Act. The limitations provision applicable to Plaintiff's claim under Federal Tort Claims Act therefore applies to her claim for declaratory relief.

facts are not in dispute. Plaintiff is the mother and guardian of H.D.R. H.D.R. was an eight year old student at the Laguna Elementary School in 1997. (Complaint ¶¶ 6,7). The Laguna Elementary School is operated by the Bureau of Indian Affairs, United States Department of the Interior. (Complaint, ¶ 4). On November 28, 1997, Plaintiff and her husband filed a criminal complaint in the Pueblo of Laguna Tribal Court against one of H.D.R.'s teachers, Mr. Sarracino, alleging assault and battery and contributing to the delinquency of a minor. (Docket No. 15, Attachment 1 to Ex. A). The underlying incident was described in an affidavit attached to the November 28, 1997, Complaint (Docket No. 15, Attachment 2 to Ex. A), and in an amendment to the Complaint dated December 27, 1998. (Docket No. 15, Attachment 3 to Ex. A).[2] On July 12, 2000, Plaintiff filed a claim for Damage, Injury or Death, SF-19, with the Bureau of Indian Affairs, seeking monetary damages for alleged sexual and emotional abuse of H.D.R. by Mr. Sarracino at Laguna Elementary School. (Docket. No. 15, Ex. B). Plaintiff filed her complaint in this court on February 8, 2001.

## Discussion

3.      The provisions of the Federal Tort Claims Act constitute a waiver of sovereign immunity, and are to be strictly construed. *See Martin v. United States*, 436 F.Supp. 535 (D.Colo.1977). Claims brought against the United States under the Federal Tort Claims Act must be presented in writing to the appropriate Federal agency within two years after the claim accrues, or they are forever barred.

---

[2]The documents establish that on October 22, 1997, Plaintiff and her husband were advised by school officials to question their daughter about an "incident" at school. H.D.R. told them that Mr. Sarracino had called her out of another teacher's classroom, that in his classroom he "grab my wrist and ask her if it okay to hold her? and he ask her is it okay to kiss her? She didn't respond because she was afraid . . . No one would believe her. Then when we got home, she told her father and myself the same story over again. On November 28 I Sandra (Plaintiff) talk to Tina Leno. She told me her daughter Rayden saw what happen to my daughter, (H.D.R.)." (Docket No. 15, Ex. A, attachment 3). "When I was leaving he graped (sic) my wrist and started kissing me on the lips." (Docket No. 15, Ex. A, attachment 2).

28 U.S.C.A. §2675(a).  Proper presentation of an administrative claim is a jurisdictional prerequisite to suit under Federal Tort Claims Act, which courts have no authority to waive.  *Hart v. Dept. of Labor, ex rel U.S.*, 116 F.3d 1338, 1339 (10th Cir. 1997); *Bradley v. U.S.* 951 F.2d 268, 270 (10th Cir. 1991).  Plaintiff filed her administrative claim on July 12, 2000.  Accordingly, her claim is barred pursuant to the provisions of 28 U.S.C.A. §2675(a) if her cause of action accrued prior to July 12, 1998.

4.  A cause of action under the Federal Tort Claims Act accrues when the plaintiff discovers his or her injury and its cause.  *U.S. v. Kubrick*, 444 U.S. 111 (1979); *Arvayo v. U.S.*, 766 F.2d 1416, 1418 (10th Cir. 1985).  It is not necessary that Plaintiff know the full extent of injury, *Industrial Contructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994), only its general nature.  *Gustavson v. United States*, 655 F.2d 1034, 1036 (10th Cir. 1981); *Robbins v. United States*, 624 F.2d 971, 973 (10th Cir. 1980).

5.  Documents filed by or on behalf of Plaintiff in the Pueblo of Laguna Tribal Court establish that Plaintiff was aware of an injury to H.D.R. and of its cause; that is, the assault and battery by Mr. Sarracino.  The documents further establish that Plaintiff had this knowledge more than two years before filing an administrative claim with the Bureau of Indian Affairs.  The fact that Plaintiff may not have been aware the full extent of H.D.R.'s injury, that is, the possible psychological injury stemming from the assault and battery, does not alter the accrual date applicable to Plaintiff's cause of action.

6.  Accordingly, I find that Plaintiff's Complaint for declaratory relief and damages against the Defendant United States of America is barred by 28 U.S.C.A. § 2675(a), and that this Court has no jurisdiction to consider Plaintiff's claim for damages.

7. Neither party has addressed in any meaningful way whether there is a waiver of sovereign immunity applicable to Plaintiff's claim for injunctive (non-monetary) relief of behalf of the students of Laguna Pueblo, whether Plaintiff has standing to assert such a claim, and whether any limitations provisions apply to such a claim. Accordingly, I direct the Parties to address these issues in simultaneous briefing to be submitted to the Court on August 16, 2001.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is hereby granted as to all claims seeking monetary relief.

**IT IS FURTHER ORDERED** that the Parties shall submit simultaneous briefing to the court, as outlined in ¶ 7, above, on August 16, 2001.

_____
RICHARD L. PUGLISI
UNITED STATES MAGISTRATE JUDGE
(sitting by designation)

For the Plaintiff:
    Anthony F. Little, Esq.

For the Defendant
    Jan Elizabeth Mitchell, Esq.
    Norman C. Bay, Esq.